**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| TERRELL D. WRIGHT, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:13-CV-6 (WLS) |
| MONICA MOSES, | : |
| Defendant. | : |

## ORDER

Presently pending before the Court is a Recommendation from United States Magistrate Judge Thomas Q. Langstaff filed December 10, 2013 (Doc. 26). Therein, Judge Langstaff recommends granting Plaintiff's Motion to Dismiss (Doc. 20) and dismissing the instant suit in its entirety for failure to exhaust administrative remedies. On December 26, 2013, Plaintiff filed a pleading styled as "Factual Allegations," which the Court construes as an objection to Judge Langstaff's Recommendation. (*See* Doc. 27.) Because the objection was timely, the Court has given it careful consideration. *See* M.D. GA. LOCAL R. 6.3. On December 31, 2013, Defendants filed a response to Plaintiff's objection. (Doc. 28.)

On January 11, 2013, Plaintiff brought the instant complaint alleging, *inter alia*, that Defendant Moses was deliberately indifferent to actions taken against Plaintiff by other inmates in Defendant Moses' presence on December 12, 2012. (Doc. 1 at 5.) Plaintiff also asserted claims against Defendants Jeanes and Railey, but they have since been dismissed from this suit. (*See* Docs. 1, 10, 15.)

In her Motion to Dismiss, Defendant Moses argued that Plaintiff's Complaint should be dismissed because, *inter alia*, Plaintiff failed to exhaust administrative remedies. (Doc. 20-1.) In support of this argument, Defendant Moses submitted the affidavit of Christine Cross, the Deputy Warden of Care and Treatment at Calhoun State Prison ("CSP"). (Doc. 20-2 at ¶ 2.) Plaintiff was housed at CSP at the time of the occurrence of the circumstances giving rise to the instant suit. (*Id.* at ¶ 6.) In her affidavit, Ms. Cross stated that Plaintiff filed two grievances while housed at CSP. (*Id.* at ¶ 21.) The first was in relation to an incident whereby Plaintiff was not permitted to go to a medical appointment. (*Id.*) The second was related to the instant suit and the actions of Defendant Moses, but no appeal was filed. (*Id.* at ¶ 22.)

In his objection, Plaintiff does not refute the assertions made by Ms. Cross in her affidavit but states that he could not file an appeal because he "never received any results" from his grievance. (*See* Doc. 27 at 1.) Otherwise, Plaintiff's objection merely restates the allegations he previously asserted. (*See id.* at 1-2.) As noted by Judge Langstaff (Doc. 26 at 5), Plaintiff must point to specific facts that demonstrate that prison staff made the grievance process unavailable to him. *See, e.g.*, *Walker v. Roberson*, No. CV 308-016 2009 WL 2338035, *11 (S.D. Ga. July 27, 2009) (citing *Boyd v. Corr. Corp. of Am.*, 380 F.3d 989, 998 (6th Cir. 2004)) ("In order to demonstrate that administrative remedies were unavailable, Plaintiff must point to specific facts showing that prison staff inhibited him from utilizing the grievance process."). Because Plaintiff has failed to point to such facts, the Court cannot conclude that the grievance process was unavailable to him. (*See* Doc. 27.)

Based on the record before the Court, the Court agrees with Judge Langstaff's recommendation to dismiss the instant suit for failure to exhaust administrative

remedies. Accordingly, United States Magistrate Judge Thomas Q. Langstaff's December 10, 2013 Recommendation (Doc. 26) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. Thus, Defendants' Motion to Dismiss (Doc. 20) is **GRANTED**.

"[W]here a more carefully drafted *pro se* complaint might state a claim the 'plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.' " *See Bettencourt v. Owens*, No. 11-15036, 2013 WL 5450978, *4 (11th Cir. Oct. 2, 2013) (citing *Bank v. Pitt*, 928 F.3d 1108, 1112 (11th Cir. 1991)). The Eleventh Circuit "place[s] a heavy thumb on the scale in favor of" giving *pro se* litigants the opportunity to amend. *Id.* The decision should be made in light of "the purpose of pleading[, which] is to facilitate a proper decision on the merits." *Id.* (citing *Bank*, 928 F.2d at 1112). Based on the foregoing, the claims against Defendant Moses are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. Because no Defendants remain in this suit, Plaintiff's Complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED**, this  10th  day of January 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**

3